Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
AMAL ZAKHOLY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AMAL ZAKHOLY, | Case No. **'14CV2627 CAB BLM** |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| NAVIENT SOLUTIONS, INC. formerly known as SALLIE MAE, INC. and DOES 1 through 25 | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

Plaintiff AMAL ZAKHOLY alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff, AMAL ZAKHOLY (hereinafter referred to as "Plaintiff"), brings this lawsuit against NAVIENT SOLUTIONS, INC. formerly known as SALLIE MAE, INC. ("Defendant") and DOES 1 through 25 (collectively referred to as "Defendants"), for violations of the Telephone Consumer Protection Act ("TCPA"), Rosenthal Fair Debt Collections Practice Act ("RFDCPA"), and California Business

- 1 -

and Professions Code section 17200 et seq. ("UCL")  Accordingly, Plaintiff brings this action to enjoin preliminary and permanently Defendants' unlawful business practices and seek consumer restitution, civil penalties, statutory damages, attorneys' fees and costs, and other equitable relief the Court deems appropriate.

## II.
## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a consumer as defined by 15 U.S.C. section 1692a(3). Plaintiff is a debtor as that term is defined by California Civil Code §1788.2(h) and Plaintiff is a "person" as the term is defined under the TCPA.

4. Plaintiff is informed and believes that Defendant is and at all times mentioned herein was a corporation, who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

6. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 25, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is

responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

7. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This court also has jurisdiction under 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the TCPA, RFDCPA and UCL.  Because Defendants do business within the State of California, county of San Diego, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. section 1391.

///

///

///

- 3 -

COMPLAINT FOR DAMAGES

# IV.
# RELEVANT FACTS

11. Plaintiff's family member obtained a loan through Defendant for educational purposes. Because of the family member's credit status at the time, Defendant required a cosigner for the loan. Plaintiff agreed to cosign for the loan. There was no other contract with Defendant. Plaintiff did not provide to Defendant, either in writing or verbally, her cellular telephone number upon which Defendant called Plaintiff as alleged herein.

12. On information and belief, Plaintiff's name was listed on her family member's student loan application with Defendant, as a co-signer.

13. Plaintiff did not provide "express consent" to anyone allowing Defendant to place telephone calls to Plaintiff's cellular phone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant contacted Plaintiff on her cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1), over numerous days for multiple months, including the month of December 2013 in an attempt to collect a debt. Plaintiff was charged for the calls.

15. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

- 4 -

## V.
## FIRST CAUSE OF ACTION
**(Negligent Violations of the TCPA against all Defendants)**

16. Plaintiff re-alleges paragraphs 1 through 15, above, as if fully set forth herein.

17. The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

18. As a result of Defendant's negligent violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

19. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VI.
## SECOND CAUSE OF ACTION
**(Knowing and/or Willful Violations of the TCPA against all Defendants)**

20. Plaintiff re-alleges paragraphs 1 through 19, above, as if fully set forth herein.

21. The forgoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

22. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of up to $1,500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

23. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VII.
## THIRD CAUSE OF ACTION
### (Violation of the RFDCPA against Defendants)

24. Plaintiff re-alleges paragraphs 1 through 23, above, as if fully set forth herein.

25. Any violation of the Federal Debt Collection Practices Act ("FDCPA") is a violation of California Civil Code section 1788.17. Stated differently, Civil Code section 1788.17 incorporates the FDCPA.

26. Defendants violated Civil Code section 1788.17 because they violated several provisions of the FDCPA. Specifically, Defendants violated 15 U.S.C. sections 1692d(5) and 1692d(6).

27. Defendants violated 15 U.S.C. section 1692d(5) because they contacted Plaintiff by telephone numerous times in the month of November and December 2012 in an attempt to collect a debt. Defendant's acts in calling Plaintiff numerous times on her cellular telephone to collect a debt was intentional causing harassment, annoyance, and abuse.

28. Defendants violated 15 U.S.C. section 1692(d)(6) by making numerous telephone calls to Plaintiff without disclosing the caller's identity. Defendants'

representative would call Plaintiff on her cellular telephone but would not disclose their identity or make a meaningful disclosure.

29. Defendants also violated the RFDCPA by violating California Civil Code section 1788.11(b). Defendants violated section 1788.11(b) because they called Plaintiff without disclosing the caller's identity. Defendants' representative would call Plaintiff but would not disclose their identity. Defendants failed to make a meaningful disclosure as required under California law.

30. Defendants also violated the RFDCPA by violating California Civil Code section 1788.11(d) because they contacted Plaintiff by telephone numerous times in the month of November and December 2012 in an attempt to collect a debt. Defendants' communication was repeatedly and/or continuously to annoy Plaintiff.

31. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

///

///

///

COMPLAINT FOR DAMAGES

## VIII.
## FOURTH CAUSE OF ACTION
### (Violations of the UCL Against all Defendants)

32. Plaintiff re-alleges paragraphs 1 through 31, above, as if fully set forth herein.

33. California Business and Professions Code section 17200 et seq. prohibits unfair, unlawful, and fraudulent business practices.

34. Defendants have engaged in unfair competition as defined by the UCL.

35. Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes. Further, Defendants' conduct are unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Moreover, as detailed above and below, Defendants' conduct violates consumer protection laws, specifically the TCPA and RFDCPA, and violates the spirits of the statutes, and otherwise significantly threatens or harms consumers. Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff and is not outweighed by countervailing benefits to consumers or to competition.

36. Defendants' actions constitute unlawful competition because they violated the TCPA and RFDCPA.

37.  Plaintiff has suffered injury in fact and monetary damages as a direct and proximate result of Defendants' actions.  Specifically, Plaintiff was charged for the telephone calls placed by the Defendants via an automatic telephone dialing system.

38.  Plaintiff incurred additional incidental actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

39.  Plaintiff seeks restitutionary relief, pursuant to Business and Professions Code section 17203.

40.  Defendants are engaging, have engaged, and there is a substantial likelihood that they will continue to engage in this unlawful and unfair competition unless enjoined by this Court.  As such, pursuant to Business and Professions Code section 17203, Defendants should be enjoined from unlawful and unfair business acts.

## IX.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1.  For actual damages;

2.  For statutory damages;

3.  Pursuant to Business and Professions Code section 17203, that the Defendants be permanently enjoined from violating Business and Professions  Code section 17203, in connection with the violations alleged in this complaint;

4.  Restitution under section 17203 of the Business and Professions Code;

6.  For interest according to law;

7.  For attorneys' fees;

COMPLAINT FOR DAMAGES

8. For costs of suit herein incurred; and

9. For other and further relief as the court may deem proper.

DATED: November 4, 2014          **MASHIRI LAW FIRM**

                                             By: /s/Alex Asil Mashiri
                                                  Alex Asil Mashiri
                                                  Attorney for Plaintiff,
                                                  AMAL ZAKHOLY

**MASHIRI LAW FIRM**
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 858-348-4939

COMPLAINT FOR DAMAGES